JADAIR INCORPORATED, Plaintiff-Appellant-Petitioner,

v.

UNITED STATES FIRE INSURANCE COMPANY, Defendant-Respondent,

MESIROW INSURANCE SERVICES, INC., West Bend Air, Inc., Stanley Aircraft & Engine Service, Inc. and Employers Reinsurance Corporation, Defendants,

BLUEPRINT ENGINES, INC., Defendant-Petitioner.

Supreme Court

*No. 95–1946. Oral argument January 9, 1997.—Decided April 29, 1997.*

(Also reported in 562 N.W.2d 401.)

For the plaintiff-appellant-petitioner there were briefs and oral argument by *Ross R. Kinney*, Waukesha.

For defendant-respondent there was a brief by *Mark J. Peschel* and *Johnson & Lindberg, P.A.*, Minneapolis, MN and oral argument by *Mark J. Peschel*

¶ 1. JANINE P. GESKE, J. This is a review of a court of appeals decision and order dismissing the appeal of Blueprint Engines, Incorporated (Blueprint) for lack of jurisdiction.[1] Blueprint attempted to appeal an order granting summary judgment to United States Fire Insurance Company (U.S. Fire) by the circuit court for Ozaukee County, Walter J. Swietlik presiding. U.S. Fire moved to dismiss Blueprint's appeal because its notice of appeal was signed by Edward Rachanski (Mr. Rachanski), a nonlawyer and Blueprint's president. The court of appeals held that because Mr. Rachanski was not a lawyer,[2] he could not represent Blueprint and thus the notice of appeal filed on behalf of Blueprint was ineffective to commence an appeal by Blueprint. The court of appeals concluded that because an effective notice of appeal is a prerequisite to jurisdiction, Blueprint's appeal must be dismissed. We agree and affirm the decision of the court of appeals.[3]

---

[1] *Jadair v. U.S. Fire Ins. Co.*, No. 95–1946, slip op. at 2 (Wis. Ct. App. Oct. 25, 1995).

[2] When we use the term "lawyer" in this opinion, we refer to persons qualified to practice law in this state according to the requirements set out in SCR 40.

[3] In the same decision, the court of appeals denied U.S. Fire's motion to dismiss the appeal of Jadair Incorporated. Denial of that motion is not an issue before us.

## FACTS AND PROCEDURAL HISTORY

¶ 2. This lawsuit arose out of a claim for damages to an aircraft engine belonging to Jadair Incorporated (Jadair). Jadair alleged that these damages were the result of an engine overhaul performed by Blueprint. Jadair sued, among others, Blueprint and U.S. Fire, an insurance company which had issued a general liability airport policy to Blueprint. Jadair did not name Blueprint's president, Mr. Rachanski, as an individual defendant. U.S. Fire denied coverage for Jadair's damages. Blueprint answered Jadair's complaint and filed a cross-claim[4] against U.S. Fire, contending that it was entitled to insurance coverage for its potential liability to Jadair.

¶ 3. On November 14, 1994, U.S. Fire filed a motion for summary judgment and dismissal of Jadair's claims and the co-defendants' cross-claims. On November 17, 1994, Blueprint's Illinois attorney filed a motion to withdraw from representation. The motion to withdraw stated: "Defendant, BLUEPRINT ENGINES, INC. has determined that self-representation would be in its best interests and has therefore decided to represent itself in the pending action." At a December 8, 1994 motion hearing, Blueprint's attorney stated that Blueprint felt it was in its best interests financially for him to withdraw. Mr. Rachanski then told the court that, at that time, he did not intend to retain other counsel for the corporation. At that hearing, counsel for other parties, including the attorney for Jadair, Ross R. Kinney, and the attorney for U.S. Fire,

---

[4] Blueprint's claim against U.S. Fire, filed by counsel from Illinois, was erroneously labeled a counter-claim. For purposes of this opinion, we will regard Blueprint's claim against U.S. Fire as a cross-claim. *See* Wis. Stat. § 802.07(1), (3).

voiced no objection to the withdrawal of Blueprint's attorney. The circuit court entered an order granting the motion to withdraw on December 12, 1994.

¶ 4. Subsequently, Blueprint, acting through its president, Mr. Rachanski, continued to receive copies of correspondence and other documents filed with the court. On May 25, 1995, the circuit court granted U.S. Fire's motion for summary judgment and dismissed all of Jadair's claims against U.S. Fire. The court also ordered dismissal of the co-defendants' cross-claims against U.S. Fire.[5]

¶ 5. The attorney for Jadair, and Mr. Rachanski for Blueprint, filed notices of appeal from the order for summary judgment on July 15, 1995, and August 21, 1995, respectively. On September 18, 1995, U.S. Fire moved to dismiss both appeals, contending that Jadair's notice of appeal was filed too early and that Blueprint's notice of appeal was fatally defective because it had not been signed by an attorney. According to Blueprint's brief, the corporation retained Attorney Ross R. Kinney immediately upon receipt of U.S. Fire's motion to dismiss.[6]

¶ 6. In an opinion and order dated October 25, 1995, the court of appeals denied the motion to dismiss Jadair's appeal but granted the motion to dismiss

---

[5] The cross-claims dismissed were all based on the policy issued by U.S. Fire to Blueprint or on claims of bad faith or alleged tortious interference with a contractual relationship between Jadair and Blueprint.

[6] In our consideration of the validity of Blueprint's notice of appeal, we do not determine whether a conflict of interest exists over Attorney Kinney's representation of Blueprint in this review, and his role as counsel for Jadair Incorporated, the party suing Blueprint. Jadair has not sought review in this court of any of the lower court rulings in this action.

Blueprint's appeal. The court of appeals concluded that corporations must appear by counsel. The appellate court reasoned that because Blueprint's notice of appeal was not signed by an attorney, it was fatally defective. The court of appeals stated that an effective notice of appeal is a prerequisite to the court of appeals' jurisdiction. Consequently, the court of appeals ruled that Blueprint's appeal must be dismissed.

## STATUTORY AND RULE CONSTRUCTION

¶ 7. This court granted Blueprint's petition for review to decide whether a notice of appeal is fatally defective when it is signed and filed by a nonlawyer on behalf of a corporation. To analyze this issue we turn to court rules, state statutes and constitutional provisions. The pertinent facts are not in dispute.

¶ 8. Our rules of civil procedure set out the means by which an appeal is initiated. Rules of statutory interpretation are helpful when we interpret rules of civil procedure promulgated by this court. *See County of Door v. Hayes-Brook*, 153 Wis. 2d 1, 21 n.1, 22 n.2, 449 N.W.2d 601 (1990) (Abrahamson, J., concurring). Rule interpretation, as well as statutory interpretation, present questions of law which this court reviews independently of the lower courts. *See Stockbridge School Dist. v. Department of Pub. Instruction Sch. Dist. Boundary Appeal Bd.*, 202 Wis. 2d 214, 219, 550 N.W.2d 96 (1996); *Hughes v. Chrysler Motors Corp.*, 197 Wis. 2d 973, 978, 542 N.W.2d 148 (1996). The goal of rule interpretation is to produce a result not inconsistent with the manifest intent of the supreme court. *County of Door*, 153 Wis. 2d at 22, n.2 (Abrahamson, J., concurring). The goal of statutory interpretation is to ascertain and give effect to the

intent of the legislature. *See, e.g., Stockbridge School Dist.*, 202 Wis. 2d at 219; *Hughes*, 197 Wis. 2d at 978.

¶ 9. We first look to the plain language of the rules and statutes themselves. *See Jungbluth v. Hometown, Inc.*, 201 Wis. 2d 320, 327, 548 N.W.2d 519 (1996). If the manifest intent of the court is clear from the plain language of the rule, we need look no further. Similarly, if the intent of the legislature is clear from a statute's language, a court must give effect to this intent and look no further. *See State v. Williams*, 198 Wis. 2d 516, 525, 544 N.W.2d 406 (1996). If, however, a statute is capable of being construed in different ways, that construction which works an absurd or unreasonable result should be avoided. *Braun v. Wisconsin Electric Power Co.*, 6 Wis. 2d 262, 268, 94 N.W.2d 593 (1959).

¶ 10. If we determine that court rules or state statutes require that only lawyers may sign and file notices of appeal on behalf of a corporation, then Blueprint raises an additional challenge. Blueprint asserts that such a requirement would be unconstitutional. The party challenging a statute must overcome the presumption that the statute is constitutional, and must prove it to be unconstitutional beyond a reasonable doubt. *State v. Carpenter*, 197 Wis. 2d 252, 263–64, 541 N.W.2d 105 (1995). The application of constitutional provisions to the facts of a case is a question of law that we decide independently. *State v. P.G. Miron Const. Co., Inc.*, 181 Wis. 2d 1045, 1052, 512 N.W.2d 499 (1994).

## ARGUMENTS OF THE PARTIES

¶ 11. Blueprint contends that there is no supreme court rule prohibiting an officer of a corporation from signing and filing a notice of appeal on behalf of that corporation. Nor, Blueprint asserts, do the statutes expressly prohibit such an act.[7] If, however, we require that a notice of appeal filed on behalf of a corporation be signed by an attorney, Blueprint still maintains that a notice of appeal signed by a nonlawyer does not divest the court of appeals of jurisdiction. Blueprint denies that Mr. Rachanski's action here constitutes the unauthorized practice of law under Wis. Stat. § 757.30.[8] Furthermore, even if Mr. Rachanski's

---

[7] **Wis. Stat. § (Rule) 809.10 (initiating appeal). (1)** NOTICE OF APPEAL. (a) *Filing.* A person shall initiate an appeal by filing a notice of appeal with the clerk of the trial court in which the judgment or order appealed from was entered and shall specify in the notice of appeal the judgment or order appealed from, whether the appeal is in one of the types of cases specified in s. 752.31 (2), and whether the appeal is one of those to be given preference in the circuit court or court of appeals pursuant to statute. The person at the same time shall notify the court of appeals of the filing of the appeal by sending a copy of the notice of appeal to the clerk of court. The person shall also send the court of appeals an original and one copy of a completed docketing statement on a form prescribed by the court of appeals. The statement shall accompany the court of appeals' copy of the notice of appeal. The person shall also send a copy of the completed docketing statement to opposing counsel. Docketing statements need not be filed in criminal cases or in cases in which a party appears pro se.

(b) *Time for filing.* The notice of appeal must be filed within the time specified by law. The filing of a timely notice of appeal is necessary to give the court jurisdiction over the appeal.

All statutory references are to the 1995–96 volume of the Wisconsin Statutes, unless otherwise indicated.

[8] **Wis. Stat. § 757.30 Penalty for practicing without license.**

(1) Every person, who without having first obtained a license to practice law as an attorney of a court of record in this state, as

conduct violated Wis. Stat. § 757.30, Blueprint argues that such conduct cannot void the legal effect of the notice if the statutorily prescribed jurisdictional requirements are met.

¶ 12. According to Blueprint, a result that would invalidate Blueprint's notice of appeal is too harsh, and would violate constitutional guarantees of due process and equal protection under the law. Blueprint also contends that a statutory requirement that only lawyers may sign and file a notice of appeal on behalf of a corporation would violate the provision of art. I, sec. 21 of the Wisconsin Constitution permitting "any suitor" to prosecute or defend a suit in his or her own proper person.[9]

¶ 13. At oral argument, Blueprint's attorney proposed that we consider nonlawyer representation of corporations on a case-by-case basis. Blueprint asserted that such consideration should only be given

provided by law, practices law within the meaning of sub. (2), or purports to be licensed to practice law as an attorney within the meaning of sub. (3), shall be fined not less than $50 nor more than $500 or imprisoned not more than one year in the county jail or both, and in addition may be punished as for a contempt.

**(2)** Every person who appears as agent, representative or attorney, for or on behalf of any other person, or any firm, partnership, association or corporation in any action or proceeding in or before any court of record, court commissioner, or judicial tribunal of the United States, or of any state, or who otherwise, in or out of court, for compensation or pecuniary reward gives professional legal advice not incidental to his or her usual or ordinary business, or renders any legal service for any other person, or any firm, partnership, association or corporation, shall be deemed to be practicing law within the meaning of this section.

[9] Wis. Const. art. I, sec. 21 provides:

**(2)** In any court of this state, any suitor may prosecute or defend his suit either in his own proper person or by an attorney of the suitor's choice.

where a nonlawyer signs and files a notice of appeal. Blueprint agreed that nonlawyers should not be permitted to represent corporations by filing a complaint, or appearing at trial or at any later stage of an appeal including the submission of briefs. The test, according to Blueprint's attorney, should be whether the corporation was reasonable in deciding to have a nonlawyer represent the corporation. To apply this new test, Blueprint suggested that the parties submit affidavits to the court of appeals on the reasonableness question. Alternatively, Blueprint suggested that a special master be appointed to oversee such post-appeal discovery. That post-appeal discovery, according to Blueprint, would extend to matters such as the size of the corporation, the number of shareholders, the corporation's amount of discretionary income and its financial ability to pay for legal counsel.

¶ 14. U.S. Fire asks that we affirm the court of appeals holding that the notice of appeal filed by Mr. Rachanski on behalf of Blueprint was ineffective to commence an appeal by that entity. U.S. Fire contends that a corporation must be represented by a licensed lawyer in a legal proceeding other than in small claims court. *See* Wis. Stat. § 799.06. [10] Therefore, U.S. Fire asserts, a corporation's appeal must be dismissed when

---

[10] **Wis. Stat. § 799.06 Actions; how commenced, pleadings, appearances**

... **(2)** A person may commence and prosecute or defend an action or proceeding under this chapter and may appear in his, her or its own proper person or by an attorney regularly authorized to practice in the courts of this state. Under this subsection, a person is considered to be acting in his, her or its own proper person if the appearance is by a full-time authorized employe of the person. An assignee of any cause of action under this chapter shall not appear by a full-time authorized employe, unless the employe is an attorney regularly authorized to practice in the courts of this state.

the notice of appeal is signed by a nonlawyer officer of the corporation. This statutory requirement, according to U.S. Fire, does not violate the constitutional principles of due process and equal protection because a corporation is not a natural person. Similarly, the term "any suitor" in art. I, sec. 21(2) of the Wisconsin Constitution, according to U.S. Fire, refers only to natural persons.

¶ 15. At oral argument, U.S. Fire conceded that it has suffered no prejudice by the fact that a nonlawyer signed and filed the notice of appeal on behalf of Blueprint. U.S. Fire also conceded that Blueprint's notice of appeal was timely filed. U.S. Fire simply asserts that a nonlawyer cannot represent a corporation in legal proceedings outside of small claims court. According to U.S. Fire, a number of policies underlie this flat prohibition, including the need to keep separate the corporation's identity from that of its shareholders, and the efficient administration of justice. Further, the practice of law without a license is a criminal matter. Wis. Stat. § 757.30. The case-by-case approach sought by Blueprint, therefore, might represent a measure of approval for illegal conduct. This approach, according to U.S. Fire, is a Pandora's box we should not open.

### RULES OF PROCEDURE

¶ 16. Whether a notice of appeal is fatally defective when it is signed and filed by a nonlawyer on behalf of a corporation is a question of first impression.

In small claims court, the nonlawyer signing the document *is* the party to the action, if he or she is a full-time authorized employee of the corporation. Otherwise, the party can appear in his or her own proper person, or by engaging an attorney to appear on behalf of the party.

To answer that question we must engage in a two-step analysis. First, must a notice of appeal, filed on behalf of a corporation, be signed by a lawyer? If we answer yes, we must then consider the effect of a corporation's failure to meet this requirement.

■■■

¶ 17. Under Wis. Stat. § (Rule) 809.84,[11] appeals are governed by the rules of civil procedure unless the appellate rules or the circumstances of the appeal require a different result. A notice of appeal is a "paper" under Wis. Stat. § (Rule) 801.14.[12] *Rhyner v. Sauk County*, 118 Wis. 2d 324, 327, 348 N.W.2d 588 (1984). All papers filed in an action must be signed. Wis. Stat. § (Rule) 802.01(2)(d).[13] *See* Charles D. Clausen &

[11] **Wis. Stat. § (Rule) 809.84 (Applicability of rules of civil procedure).**

An appeal to the court is governed by the rules of civil procedure as to all matters not covered by these rules unless the circumstances of the appeal or the context of the rule of civil procedure requires a contrary result.

[12] **Wis. Stat. § (Rule) 801.14 Service and filing of pleadings and other papers. (1)** Every order required by its terms to be served, every pleading unless the court otherwise orders because of numerous defendants, every paper relating to discovery required to be served upon a party unless the court otherwise orders, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, undertaking, and similar paper shall be served upon each of the parties. . . .

[13] **Wis. Stat. § (Rule) 802.01 Pleadings allowed; form of motions. . . .**

**(2)(d)** *Formal requirements.* The rules applicable to captions, signing and other matters of form of pleadings apply to all motions and other papers in an action, except that affidavits in support of a motion need not be separately captioned if served and filed with the motion. The name of the party seeking the order or relief and a brief description of the type of order or relief sought shall be included in the caption of every written motion.

David P. Lowe, *The New Wisconsin Rules of Civil Procedure: Chapters 801 to 803*, 59 Marq. L. Rev. 1, 48 (1976). A notice of appeal is a signed paper containing certain required pieces of information. Wis. Stat. § (Rule) 809.10(1)(a). The notice of appeal must specify the judgment or order appealed from, and the statutory type of appeal being made. *Id.* The notice of appeal must be filed with the clerk of the circuit court, and a copy sent to the clerk of court for the court of appeals. *Id.* Thus, the notice of appeal apprises both the circuit court and the appellate court of the proponent's intent to pursue legal recourse based on a prior court judgment or order.

¶ 18. A notice of appeal timely filed gives the court of appeals jurisdiction over the appeal. Wis. Stat. § (Rule) 809.10(1)(b). Once a notice of appeal is signed and filed with the clerk of court for the circuit court, the clerk begins to prepare the record on appeal. Wis. Stat. § (Rule) 809.15(2). Once a copy of the notice of appeal is filed with the court of appeals, that court begins its process of screening and scheduling the matter for consideration, including oral argument. *See* Wisconsin Court of Appeals Internal Operating Procedures 413 (Lawyer's Coop. Pub. 1996).

¶ 19. We agree with Blueprint that our rules of appellate procedure do not expressly state who may sign a notice of appeal on behalf of a corporation. We now turn our attention to the statutes.

### THE UNAUTHORIZED PRACTICE OF LAW STATUTE

¶ 20. The primary purpose of laws controlling the unauthorized practice of law is to protect the public.

*Hopper v. City of Madison*, 79 Wis. 2d 120, 133–34, 256 N.W.2d 139 (1977). Statutes and rules that control the unauthorized practice of law assure that the public is not harmed by inadequate or unethical representation. *Littleton v. Langlois*, 37 Wis. 2d 360, 364, 155 N.W.2d 150 (1967).

¶ 21. Section 757.30(1), Wis. Stat., describes the penalty for practicing law without a license. Section 757.30(2), Wis. Stat., describes the practice of law for purposes of this section. The practice of law includes appearing on behalf of some other person or entity in any action or proceeding in or before any court of record, court commissioner, or judicial tribunal of the United States, or of any state. Wis. Stat. § 757.30(2). The practice of law also includes the giving of professional legal advice not incidental to that person's usual or ordinary business, and the rendering of any legal service for any other person or firm, partnership, association or corporation. *Id.* Individuals may forego legal representation by an attorney and represent themselves in court proceedings. Wis. Const. art. I, sec. 21.

¶ 22. Under the plain language of the rules and statutes, we conclude that only lawyers can appear on behalf of, or perform legal service for, corporations in legal proceedings before Wisconsin courts. The intent of the legislature is clear. The only exception the legislature has made to the unauthorized practice of law statute is the exception contained in Wis. Stat. § 799.06(2) for actions filed in small claims court. When the legislature specifically enumerates certain exceptions to a statute, we will presume that the legislature intended to exclude any other exceptions. *Georgina G. v. Terry M.*, 184 Wis. 2d 492, 512, 516 N.W.2d 678 (1994). Under our authority to define and regulate the

practice of law, we will not devise an additional exception.[14] *State ex rel. State Bar of Wisconsin v. Bonded*

---

[14] A number of other jurisdictions also prohibit corporations from appearing by nonlawyers. In *Hawkeye Bank and Trust National Ass'n v. Baugh*, 463 N.W.2d 22 (Iowa 1990), the court found the general rule to be that a corporation can appear only by an attorney, while a natural person may appear for him or herself. The rule is based in part on the goal of preserving the corporation as a legal entity separate from its shareholders. *Hawkeye*, 463 N.W.2d at 24. *See also Strong Delivery Ministry Ass'n v. Board of Appeals of Cook County*, 543 F.2d 32 (7th Cir. 1976)(finding that the corporation is a legal entity with its own existence, separable from the interest of its president); *Woodford Mfg. Co. v. A.O.Q., Inc.*, 772 P.2d 652 (Colo. Ct. App. 1988), *cert. denied*, 797 P.2d 748 (Colo. 1990) (goal of preserving corporation as a separate entity); *Oahu Plumbing and Sheet Metal, Ltd. v. Kona Construction, Inc.*, 590 P.2d 570, 573 (Haw. 1979) (because a corporation is an artificial entity, it can only act through its agents). The Hawaii supreme court reasoned that legal proceedings are to be conducted according to the rules of law and practice of courts, and by those charged with the responsibility of legal knowledge and professional duty. *Oahu Plumbing*, 590 P.2d at 573. Permitting nonlawyer agents to represent corporations in litigation would result in an unintended exception to the rules against the unauthorized practice of law. *Id.* at 574.

Persons who seek to incorporate obtain certain benefits from the state, including a limitation on personal liability. *See, e.g.,* Wis. Stat. §§ 180.0828, 181.287. The cost of such benefit includes the requirement that the corporation be represented by a licensed lawyer for court appearances and legal services. *See Woodford*, 772 P.2d at 654 ("[w]hen a business accepts the advantages of incorporation, it must also bear the burdens, including the need to hire counsel to sue or defend in court."); *Algonac Mfg. Co. v. United States*, 458 F.2d 1373, 1375 (Ct. Cl. 1972) (corporation must appear through licensed attorney, even though the corporation claims to have insufficient funds.)

*Collections, Inc.*, 36 Wis. 2d 643, 648–49, 154 N.W.2d 250 (1967).

¶ 23. The notice of appeal is the paper which invokes the appellate court's jurisdiction. A person who signs and files a notice of appeal on behalf of another, is rendering a legal service.[15] When a nonlawyer engages in such conduct, not on his own behalf but on behalf of a corporation, that person is subject to penalty under Wis. Stat. § 757.30.

¶ 24. We conclude that the legislature plainly intended that the signing and filing of a notice of appeal on behalf of a corporation is the practice of law.[16] *See* Wis. Stat. § 757.30(2). To conclude otherwise would be unreasonable, and would frustrate the purpose of protection of the public. Blueprint essentially asks us to construe the statute to mean that the practice of law includes the filing of a complaint through representation at trial, the filing of appellate briefs and the provision of oral arguments. But Blueprint would have us construe the statute to mean that a jurisdictional step in the middle of that process is not the

---

[15] Other jurisdictions conclude that the filing of a notice of appeal constitutes the practice of law. *See, e.g., Conagra, Inc. v. Swanson*, 356 N.W.2d 825, 826 n.1 (Minn. Ct. App. 1984) (the practice of law includes filing briefs and notices of appeal); *Midwest Home Savings and Loan Ass'n v. Ridgewood Inc.*, 463 N.E.2d 909, 912 (Ill. App. Ct. 1984) (where statute made it unlawful for a corporation to practice law or to appear as an attorney in any court, corporation could not file a valid notice of appeal without the advice and services of an attorney).

[16] By concluding that a licensed attorney must sign and file the notice of appeal, we recognize that another individual may physically file the appeal at the direction of the lawyer, after the lawyer has signed the notice. We use the term "sign and file" with this understanding.

practice of law. Such a construction is unreasonable. We avoid statutory construction that works an absurd or unreasonable result. *Georgina G. v. Terry M.*, 184 Wis. 2d at 509.

## ASSERTED CONSTITUTIONAL VIOLATIONS

¶ 25. Blueprint's next contention is that this statutory prohibition against nonlawyers signing and filing a notice of appeal on behalf of a corporation is unconstitutional. We disagree. Blueprint's first constitutional argument is that the "any suitor" provision of art. I, sec. 21(2) of the Wisconsin Constitution entitles a corporation to represent itself. Our courts have already rejected this view. *See S.Y. v. Eau Claire County*, 162 Wis. 2d 320, 329, 469 N.W.2d 836 (1991). There we said that the phrase "in proper person" contained within art. I, sec. 21(2) merely means that an individual may prosecute or defend by personally representing himself or herself and no one else. In *S.Y.* we said nothing about the ability of a corporation to represent itself through a nonlawyer.

██

¶ 26. The court of appeals has flatly stated that under art. I, sec. 21(2), "every natural person in Wisconsin has an absolute right to appear pro se." *Hlavinka v. Blunt, Ellis & Loewi, Inc.*, 174 Wis. 2d 381, 394, 497 N.W.2d 756 (1993). Blueprint's asserted construction of the term "any suitor" does not establish the right of a corporation to be represented by a nonlawyer before a court of law. A corporation is not a "natural person," and therefore, Blueprint cannot fall within the term "any suitor" for purposes of corporate self-representation.

¶ 27. Blueprint also claims that a statute prohibiting corporations from self-representation would

violate the constitutional rights to obtain justice freely,[17] to equal protection under the law, and to due process.[18] We disagree. Thirty years ago we faced similar assertions by a nonlawyer executor in probate proceedings. The executor had submitted matters to the county court for adjudication, and we agreed with the court that the executor's conduct was not an appearance merely on his own behalf, but was also a representation of others. *State ex rel. Baker v. County Court of Rock County*, 29 Wis. 2d 1, 18–19, 138 N.W.2d 162 (1965). The county court judge refused presentation of certain papers by the executor because under the circumstances, that presentation constituted the unauthorized practice of law. 29 Wis. 2d at 10–11. We affirmed the lower court's ruling because we viewed the prohibition against the unauthorized practice of law as a reasonable regulation in the public interest of orderly judicial administration. *Id.* at 11. This reasoning also applied to the executor's claim that requiring representation by a lawyer violated the Equal Protection Clause.

¶ 28. In *Baker*, we also rejected the executor's claims that he was denied the right to obtain justice

---

[17] Wis. Const. art. I

**Remedy for wrongs.** Section 9. Every person is entitled to a certain remedy in the laws for all injuries, or wrongs which he may receive in his person, property, or character; he ought to obtain justice freely, and without being obliged to purchase it, completely and without denial, promptly and without delay, conformably to the laws.

[18] Section 1 of the Fourteenth Amendment, U.S. Const., provides in part:

. . . nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

freely. The executor argued that he should not be forced to pay for counsel. We said that art. I, sec. 9 of the Wisconsin Constitution does not guarantee that a litigant will incur no expense, rather it prohibits bribes or arbitrary payments to officials in order to obtain justice. 29 Wis. 2d at 12.

¶ 29. Contrary to Blueprint's assertions, it is not a violation of a corporation's due process rights when a court refuses to allow the corporation to be represented by a person not licensed to practice law in Wisconsin. *See State v. Olexa*, 136 Wis. 2d 475, 402 N.W.2d 733 (Ct. App. 1987) (due process rights not violated because only a member of the Wisconsin bar or someone accompanied by a member of the bar may appear on behalf of another in Wisconsin courts). Blueprint's constitutional arguments are without merit. Thus, we answer the first question in our two-step analysis "Yes." A notice of appeal filed on behalf of a corporation must be signed by a lawyer. The notice of appeal is defective if it is signed by a nonlawyer on behalf of a corporation. To hold otherwise would condone the unauthorized practice of law, in contravention of our statutes.

## NATURE OF THE DEFECT

¶ 30. We now turn to the consequences of a defective notice of appeal. We considered whether a defect in a summons was fundamental or technical in *Gaddis v. LaCrosse Products, Inc.*, 198 Wis. 2d 396, 542 N.W.2d 454 (1996). There we analyzed the requirements of Wis. Stat. §§ (Rules) 801.09(3) and 802.05 to determine whether the plaintiff's failure to sign a summons was a technical defect. 198 Wis. 2d at 399–400. In a more recent case, *Burnett v. Hill*, 207 Wis. 2d 110, 557 N.W.2d 800 (1997), we analyzed the requirements of

Wis. Stat. §§ (Rules) 801.02 and 801.11 to determine whether the plaintiff's service of a publication summons was only technically defective. In *Burnett* the plaintiff had mailed the defendant an unauthenticated copy of a publication summons along with authenticated copies of the original summons and complaint. 557 N.W.2d at 802.

¶ 31. In each of those cases, we considered whether the defective service of a pleading was a fundamental defect that nullified the pleading, or whether the defect in service was merely technical. To answer that question we analyzed the purposes of the rule and the type of action involved. If the purpose of the rule was fulfilled, the defect was not fundamental but technical. If the defect was only technical, we then considered the impact of the defect — did it result in prejudice to the opposing party?

¶ 32. In both of those cases, we found that the plaintiffs had failed to comply with the relevant service requirements, but we concluded that the defects were not fundamental. Further, we ultimately determined that the opposing parties were not prejudiced by such defects.[19]

¶ 33. In a case preceding *Gaddis* and *Burnett*, we considered an insurance company's service of an unauthenticated photocopy of an authenticated summons and unauthenticated complaint on a co-defendant. *American Family Mut. Ins. Co. v. Royal Ins. Co. of America*, 167 Wis. 2d 524, 481 N.W.2d 629 (1992). There we concluded that the insurance company had failed to meet its burden under Wis. Stat. § (Rule) 801.02(1) for service of process, and that such a failure

[19] The defendant in *Gaddis v. LaCrosse Products, Inc.*, 198 Wis. 2d 396, 542 N.W.2d 454 (1996) conceded the lack of prejudice.

was a fundamental defect. The defect in service deprived the circuit court of personal jurisdiction over the defendants. 167 Wis. 2d at 535. In that instance, the existence of prejudice was irrelevant. 167 Wis. 2d at 533.

¶ 34. Although U.S. Fire and Jadair did not invoke the *Gaddis/Burnett* analysis in their briefs, we find it an applicable framework under which to analyze the defective notice of appeal here. At oral argument, counsel for U.S Fire argued that, under the *Gaddis/Burnett* analysis, when a nonlawyer signs and files a notice of appeal on behalf of a corporation, the notice of appeal is fundamentally defective and voids the appeal. The attorney for Blueprint denied that Wis. Stat. § (Rule) 809.10 requires an attorney's signature, and thus Blueprint contends that the *Gaddis/Burnett* analysis does not apply. Alternatively, Blueprint's request for a case-by-case approach parallels the *Gaddis/Burnett* consideration of whether a technical defect results in prejudice to the opposing party.[20]

¶ 35. We consider the purposes of both Wis. Stat. § (Rule) 809.10 and Wis. Stat. § 737.50. The purpose of the Wis. Stat. § (Rule) 809.10 requirement for a notice of appeal is to give notice to the respondent of the order or judgment being appealed. The purpose of a timely

---

[20] Blueprint argues that *Drugsvold v. Small Claims Court of Dane County*, 13 Wis. 2d 228, 108 N.W.2d 648 (1961) and *Littleton v. Langlois*, 37 Wis. 2d 360, 155 N.W.2d 150 (1967) are controlling on the question of whether a defective notice of appeal renders the appeal void. We disagree. Both *Drugsvold* and *Littleton* involve small claims court appearances and not the filing of a jurisdictional document. Small claims court appearances, as mentioned below, currently fall within an exception to the unauthorized practice of law statute. Wis. Stat. § 799.06 (1995–96).

notice of appeal is also to confer jurisdiction on the court of appeals. Whether or not the court of appeals has jurisdiction of Blueprint's appeal is the ultimate question we must answer on this review. U.S. Fire does not contend that the notice of appeal filed by Mr. Rachanski on behalf of Blueprint failed to provide notice of the appeal. The notice of appeal was also filed in a timely fashion. Thus, the notice purpose of Wis. Stat. § (Rule) 809.10 is met. But our analysis of the defect does not stop there.

¶ 36. The primary purpose of the unauthorized practice of law statutes is, as we have already noted, to protect the public. *See also*, SCR 20:5.5 Unauthorized practice of law, Comment.[21] Our rules of procedure are also designed, in part, to protect the public. For example, Wis. Stat. (Rule) § 802.05[22] places a professional

---

[21] **SCR 20:5.5 Unauthorized practice of law** COMMENT

The definition of the practice of law is established by law and varies from one jurisdiction to another. Whatever the definition, limiting the practice of law to members of the bar protects the public against rendition of legal services by unqualified persons. . . .

[22] **Wis. Stat. § (Rule) 802.05 Signing of pleadings, motions and other papers; sanctions.**

**(1)** (a) Every pleading, motion or other paper of a party represented by an attorney. . .shall be subscribed with the handwritten signature of at least one attorney of record in the individual's name. A party who is not represented by an attorney shall subscribe the pleading, motion or other paper with the party's handwritten signature and state his or her address. . . . *The signature of an attorney or party constitutes a certificate that the attorney or party has read the pleading, motion or other paper; that to the best of the attorney's or party's knowledge, information and belief, formed after reasonable inquiry, the pleading, motion or other paper is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law;* and that the pleading, motion or other paper is not used for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

obligation on the attorney, as an officer of the court, to satisfy himself or herself as to the legal grounds for the action, defense or motion. *McMillan-Warner Mut. Ins. Co. v. Kauffman*, 159 Wis. 2d 588, 593, 465 N.W.2d 201 (Ct. App. 1990) (citing Clausen, 59 Marq. L. Rev. at 48).

¶ 37. In contrast, when a nonlawyer signs and files a notice of appeal on behalf of a corporation, the assurances required by Wis. Stat. § (Rule) 802.05, that the appeal is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, are not present. The nonlawyer is not bound by the rules of professional responsibility, SCR 10:01, 10:02, nor is the nonlawyer speaking on his or her own behalf. Rather, the nonlawyer is making representations for the corporation.

¶ 38. In this case, a nonlawyer signed and filed the notice of appeal on behalf of the corporation, Blueprint. The purpose of protecting the public, including any other shareholders of the corporation, was not met. In other cases, Wisconsin courts have concluded that when a notice of appeal is flawed, the court of appeals lacks jurisdiction to hear the appeal. *See, e.g., Weina v. Atlantic Mut. Ins. Co.*, 177 Wis. 2d 341, 347, 501 N.W.2d 465 (Ct. App. 1993) (court refused to allow petitioners to be granted intervenor status in appeal, where jurisdictional time limit for the commencement of an appeal would be circumvented); *Dobberfuhl v. Madison White Trucks, Inc.*, 118 Wis. 2d 404, 347 N.W.2d 904 (Ct. App. 1984) (absent a timely filing of the notice of appeal, the appeal must be dismissed). An effective notice of appeal is jurisdictional and an appel-

(Emphasis added.)

late court will not permit amendment of a fundamentally defective notice of appeal to save jurisdiction. *See, e.g., Ford Motor Credit Co. v. Mills*, 142 Wis. 2d 215, 418 N.W.2d 14 (Ct. App. 1987) (defect of failure to file notice of appeal could not be corrected by amending notice to substitute appellant's attorney as appellant).

¶ 39. It is true that the failure to comply with a requirement of the rules of appellate procedure, other than the timely filing of a notice of appeal or cross-appeal, will not affect the jurisdiction of the court over the appeal.[23] But here we face a failure to comply with the statute prohibiting the unauthorized practice of law. The requirement that only attorneys licensed to practice law in this state may sign and file a notice of appeal on behalf of a corporation is more than a technical requirement. It is a fundamental requirement imposed by the legislature. Abandoning that requirement in this case would diminish the protection that the legislature has afforded the public. Abandoning that requirement would also mean that any lay person, on behalf of someone else, could invoke the jurisdiction of the court of appeals. That cannot be the law in this

---

[23] Such failure, however, is grounds for measures including dismissal of the appeal, summary reversal, or striking of a paper. *See* Wis. Stat. § (Rule) 809.83(2) below.

**Wis. Stat. § (Rule) 809.83 (Penalties for delay or noncompliance with rules).**

... **(2)** NONCOMPLIANCE WITH RULES. Failure of a person to comply with a requirement of these rules, other than the timely filing of a notice of appeal or cross-appeal, does not affect the jurisdiction of the court over the appeal but is grounds for dismissal of the appeal, summary reversal, striking of a paper, imposition of a penalty or costs on a party or counsel, or other action as the court considers appropriate.

state. In this case, failure to comply with the unauthorized practice of law statute voids the appeal.

¶ 40. U.S. Fire has conceded a lack of prejudice. Under the *Gaddis/Burnett* analysis, however, once we determine that a defect is fundamental, we need not consider prejudice. *Gaddis*, 198 Wis. 2d at 402.

■■

¶ 41. Contrary to Blueprint's argument, we are not being "too harsh" when we concurrently apply the statutes governing the unauthorized practice of law and the proper filing of a notice of appeal. Only a lawyer can sign and file a notice of appeal on behalf of a corporation. When a nonlawyer represents a corporation in this manner, the notice of appeal is fundamentally defective, and the court of appeals is without jurisdiction. For the foregoing reasons, we affirm the court of appeals decision granting U.S. Fire's motion to dismiss Blueprint's appeal.

*By the Court.*—The decision of the court of appeals is affirmed.