MILWAUKEE DEPUTY SHERIFFS' ASSOCIATION,
Wayne Adam, Jeffrey Button, Gina Dobernig,
Darrell Fischer, Mitchell Gottschalk,
Michael Howard, Daniel Katona,
Daniel McKenzie, Sarah Michalski,
John Montijo, Lavalle Morgan,
Cheryl Patane, Annemarie Quiles,
Brandon Rios, Donnie Rutter, Fred Rutter,
Mary Sawczuk, David Szibel, John Ulatowski,
Scott Youngblood, Willie Watkins, Steven Wolf,
Christos Gerasopoulos, Rachelle Jackson,
Denise Kunz, Sean Mahin and
Matthew Takerian,
Plaintiffs-Appellants,

v.

COUNTY OF MILWAUKEE,
Defendant-Respondent.

Court of Appeals

*No. 2009AP1622. Oral argument June 23, 2010.
—Decided July 7, 2010.*

2010 WI App 109

(Also reported in 789 N.W.2d 394.)

232

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Linda S. Vanden Heuvel* and *Graham P. Wiemer* of *Vanden Heuvel & Dineen, S.C.*, Germantown. There was oral argument by Christopher J. MacGillis.

On behalf of the defendant-respondent, the cause was submitted on the brief of *William J. Domina*, corporation counsel, and *Mark A. Grady*, principal assistant corporation counsel of Milwaukee. There was oral argument by Mark A. Grady.

Before Curley, P.J., Fine and Kessler, JJ.

¶ 1. FINE, J. The Milwaukee Deputy Sheriffs' Association and the individual plaintiffs, who are members of the Association, appeal the order dismissing on summary judgment their amended complaint against

the County of Milwaukee. The dispositive issue is whether, as the circuit court held, the plaintiffs' contention that the County owes them increased vacation benefits under a County ordinance must be first resolved by a grievance under the Association's collective-bargaining agreement with the County. On our *de novo* review, we agree with the circuit court that it must.

## I.

¶ 2. By ordinance applicable to all the individual plaintiffs, Milwaukee County established, as material here, that "[y]ears of service" to determine the amount of earned vacation time to which a County employee is entitled for any given year "shall include any creditable pension service earned with Milwaukee County, the State of Wisconsin or any municipality within the State of Wisconsin." Milwaukee County Ord. § 17.17(1) (1996). In 2008, the plaintiffs brought this action for declaratory and supplemental relief seeking a ruling that the County "violated" the ordinance. They also sought "vacation pay" under Wis. Stat. ch. 109 that they claimed the County owed them as a result of that alleged violation, as well as ancillary penalties and costs. The circuit court dismissed the action because it determined that the plaintiffs' exclusive remedy was a grievance under their collective bargaining agreement with the County.

¶ 3. The material provisions of the collective bargaining agreement are:

Agreement, § 5.02(3):

Any disputes arising between the parties out of the interpretation of the provisions of this Agreement shall be discussed by the Association with the [Milwaukee County] Department of Labor Relations. If such dis-

pute cannot be resolved between the parties in this manner, either party shall have the right to refer the dispute to arbitration [pursuant to procedures set out in the Agreement].

Agreement, § 5.02(4):

The Arbitrator in all proceedings outlined above shall neither add to, detract from nor modify the language of any civil service rule or resolution or ordinance of the Milwaukee County Board of Supervisors, nor revise any language of this Agreement. The Arbitrator shall confine himself to the precise issue submitted.

Agreement, § 5.01(1):

The grievance procedure shall not be used to change existing wage schedules, hours of work, working conditions fringe benefits [*sic*], and position classifications established by ordinances and rules which are matters processed under other existing procedures. Only matters involving the interpretation, application or enforcement of rules, regulations or the terms of this Agreement shall constitute a grievance.

Agreement, § 6.01:

The foregoing constitutes the entire Agreement between the parties by which the parties intended to be bound and no verbal statement shall supersede any of its provisions. All existing ordinances and resolutions of the Milwaukee County Board of Supervisors affecting wages, hours and conditions of employment not inconsistent with this Agreement are incorporated herein by reference as though fully set forth. To the extent that the provisions of this Agreement are in conflict with existing ordinances or resolutions, such ordinances and resolutions shall be modified to reflect the agreements herein contained.

235

## II.

██

¶ 4. A party is entitled to summary judgment if "there is no genuine issue as to any material fact" and that party "is entitled to a judgment as a matter of law." WIS. STAT. RULE 802.08(2). We review *de novo* a circuit court's rulings on summary judgment, and apply the governing standards "just as the trial court applied those standards." *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315–317, 401 N.W.2d 816, 820–821 (1987). As we have seen, the issue here is whether the collective bargaining agreement required the plaintiffs to have their dispute with the County determined by a grievance arbitrator under that agreement.

██ ██

¶ 5. We interpret collective bargaining agreements the way we interpret all contracts: "When the language is unambiguous, we apply its literal meaning." *Beaudette v. Eau Claire County Sheriff's Dep't*, 2003 WI App 153, ¶ 26, 265 Wis. 2d 744, 763, 668 N.W.2d 133, 142. Further, interpretation of collective bargaining agreements, as with the interpretation of all contracts, is subject to our *de novo* review. *Roth v. City of Glendale*, 2000 WI 100, ¶ 15, 237 Wis. 2d 173, 181, 614 N.W.2d 467, 470–471. Thus, we turn to the collective bargaining agreement.

¶ 6. As we have seen, section 6.01 of the Agreement incorporates "by reference as though fully set forth," all Milwaukee County ordinances affecting "wages, hours and conditions of employment," as long as, and to the extent that, those ordinances are "not inconsistent" with the Agreement. This recognizes that under WIS. STAT. § 111.70(1)(a), with exceptions not material here, matters affecting "wages, hours and

conditions of employment" between municipal employ-
ers and their employees must be resolved by collective
bargaining. *See West Bend Education Ass'n v. Wisconsin
Employment Relations Comm'n*, 121 Wis. 2d 1, 9, 357
N.W.2d 534, 538 (1984). Thus, the County could not
unilaterally affect the plaintiffs' "wages, hours and
conditions of employment" unless the collective bar-
gaining agreement permitted. The parties agree that
MILWAUKEE COUNTY ORD. § 17.17(1) is not inconsistent
with the collective bargaining agreement. Accordingly,
the ordinance is part of the collective bargaining agree-
ment by virtue of the Agreement's section 6.01.

■

¶ 7. The issue now turns to how the plaintiffs'
rights under MILWAUKEE COUNTY ORD. § 17.17(1) may be
enforced. The collective bargaining agreement answers
that question in § 5.02(3), which provides that "disputes
arising between the parties out of the interpretation of
the provisions of this Agreement" may be referred "to
arbitration," and in § 5.01(1), which mandates
that: "[o]nly matters involving the interpretation, ap-
plication or *enforcement* of rules, regulations *or the
terms of this Agreement shall constitute a grievance.*"
(Emphasis added.) Although, of course, it is true, as the
first sentence of § 5.01(1) of the Agreement provides,
that "[t]he grievance procedure shall not be used to
*change* existing . . . fringe benefits . . . established by
ordinances . . . which are matters processed under
other existing procedures," the plaintiffs are not seek-
ing by this lawsuit to "*change* existing . . . fringe ben-
efits . . . established by ordinances" despite their argu-
ment to the contrary. (Emphasis added.) Rather, they
are seeking to "*enforce*" the fringe benefits that the
collective bargaining agreement gives them by virtue of
its incorporation of MILWAUKEE COUNTY ORD. § 17.17(1).

(Emphasis added.) Therefore, the plaintiffs could have used the Agreement's grievance procedure to get the relief that they seek here. The critical question is, however, whether they *had* to use the grievance procedure in lieu of filing this action. As the circuit court recognized, the answer is "yes."

¶ 8. "Grievance and arbitration procedures included in a collective bargaining agreement are presumed to be exclusive remedies unless the parties to the agreement expressly agree that they are not." *Beaudette*, 2003 WI App 153, ¶ 10, 265 Wis. 2d at 754, 668 N.W.2d at 138. There is no such express agreement here. Indeed, as we have seen, the Agreement specifically recognizes that "enforcement of rules, regulations or the terms" of the Agreement is a proper subject for grievance arbitration. But that does not end our inquiry because there are three exceptions to the exclusivity rule recognized by *Beaudette*:

> First, when the employer's conduct amounts to a repudiation of the collective bargaining agreement, the employee may proceed directly against the employer in court. In such a situation, the employer is estopped by its own conduct to rely on the contractual procedures as a defense to the employee's trial court claim. The second exception is where the union has sole power under the contract to invoke the higher stages of the grievance procedures and where the employee has been prevented from exhausting his contractual remedies by the union's wrongful refusal to process the grievance. Finally, an employee may proceed against an employer in court after demonstrating that pursuing the contractual remedies would be futile.

*Id.*, 2003 WI App 153, ¶ 10, 265 Wis. 2d at 755, 668 N.W.2d at 138–139 (internal citations omitted). None of

these exceptions to the exclusivity rule apply here. First, the plaintiffs point to nothing that even hints that the County has directly or indirectly repudiated the collective bargaining agreement. *See id.*, 2003 WI App 153, ¶ 12, 265 Wis. 2d at 756, 668 N.W.2d at 139 ("An employer repudiates the contractual remedies when it anticipatorily rejects those remedies. An employer has repudiated the contractual remedies when it no longer considers them binding and therefore frustrates the complaint's processing.") (internal citation omitted). Second, the union has not hindered its members from enforcing their rights *vis a vis* MILWAUKEE COUNTY ORD. § 17.17(1). Third, there is nothing in the Record that indicates that resort to grievance arbitration under the collective bargaining agreement would be futile. Indeed, other unions have taken the MILWAUKEE COUNTY ORD. § 17.17(1) issue to arbitration under their respective collective bargaining agreements and have prevailed. In fact, the County is voluntarily applying MILWAUKEE COUNTY ORD. § 17.17(1) to the plaintiffs prospectively, beginning with 2007. Thus, we reject the plaintiffs' contention that grievance arbitration established under the collective bargaining agreement is not their exclusive remedy.

¶ 9. We also reject the plaintiffs' contention that resort to a grievance arbitrator to enforce MILWAUKEE COUNTY ORD. § 17.17(1) would somehow, as they phrase it in their main brief on this appeal, "usurp[] the role of the Milwaukee County Board of Supervisors." It would do no such thing; enforcement of MILWAUKEE COUNTY ORD. § 17.17(1) would *vindicate* what the Board did, not usurp its role in determining how vacation benefits should be calculated under the collective bargaining agreement. Further, as we have seen, section 5.02(4)

specifically directs the Arbitrator not to "add to, detract from nor modify the language of any civil service rule or resolution or ordinance of the Milwaukee County Board of Supervisors."

## III.

¶ 10. The grievance procedure in the Agreement is the plaintiffs' exclusive remedy at this stage (that is, they may of course, seek to challenge an adverse decision by the grievance arbitrator). *See Beaudette,* 2003 WI App 153, ¶ 10, 265 Wis. 2d at 754–755, 668 N.W.2d at 138. Thus, the plaintiffs may not bring this action, and the circuit court properly dismissed their amended complaint. *See ibid.*[1]

*By the Court.*—Order affirmed.

---

[1] In light of our conclusion that the grievance arbitration procedure in the parties' collective bargaining agreement is the exclusive way for the plaintiffs to enforce MILWAUKEE COUNTY ORD. § 17.17(1), we do not address the other reasons Milwaukee County advances in support of the circuit court's dismissal of the plaintiffs' amended complaint. *See Gross v. Hoffman,* 227 Wis. 296, 300, 277 N.W. 663, 665 (1938) (only dispositive issue need be addressed).