LITTLETON, Respondent, v. LANGLOIS, Appellant.

*November 30—December 22, 1967.*

For the appellant there was a brief and oral argument by *Donald W. Kaatz* of Madison.

For the respondent there was a brief by *Ela, Christianson, Ela, Esch, Hart & Clark* and *Ronald J. Kotnik,* all of Madison, and oral argument by *Mr. Kotnik.*

HEFFERNAN, J. We need not dwell upon the question of whether Mrs. Littleton was engaged in the improper practice of law in order to decide this case, for, in any event, we conclude that the judgment is binding and not void. The appellant has failed to convince this court that the limited function assumed by Mrs. Littleton in this case constituted the practice of law. The record shows that Mrs. Littleton did not purport to act as her husband's advocate:

> "*The court:* Is Harvey K. Littleton here?
> "*Mrs. Littleton:* I am Mrs. Littleton.
> "*The court:* Do you have an attorney?
> "*Mrs. Littleton:* No, I have no attorney. My husband is out of town.
> "*The court:* All right, let's go. Come on up here and be sworn. (Witness sworn by the Court)
> "*Mr. Kaatz:* May it please the Court, I don't think she is a proper party to testify in this action.
> "*The court:* Well, we don't know yet. We'll go ahead and find out how much about this she knows."

This excerpt from the transcript shows that her appearance was as a witness and in fact the objection of defendant's attorney was only in regard to her capacity to testify. Subsequently the record is barren of any attempt by her to direct or control the litigation. We see no evidence of the practice of law even in this isolated instance.

Even if her conduct could arguably have been so construed, or if the facts were altered to indicate that she was undisputably practicing law in an isolated incident (not as a usual practice or in the course of business), we would still conclude that the practice was not prohibited. Both the small claims judge and the circuit judge on appeal correctly pointed out that the objective of the small claims procedure is speedy and inexpensive justice. This aim would not be furthered by insisting that a party to a lawsuit had to appear under all circumstances by attorney only unless appearing in proper person. The circuit judge stated that, "The public interest does not require that a wife be prevented from appearing in a Small Claims court as an agent for her husband." Such representation could be improper, however, if it became more than casual and constituted a usual and customary method of doing business. Essentially it is within the discretion of the trial judge to make sure that the latitude permitted under small claims procedure be not abused. There are, no doubt, numerous cases where the appearance by other than an attorney or the actual party would constitute the practice of law to a prohibited degree, and the failure of the trial judge to promptly restrain and prohibit such conduct would constitute an abuse of discretion.

It should be made clear that this opinion does not sanction the practice of law by a wife on behalf of her husband. The isolated incident complained about by the defendant does not constitute the practice of law within the spirit of the small claims court act.

The legal profession is hardly hurt thereby. It is difficult to take seriously the contentions of the defendant that any lawyer has here been deprived of a bonanza by not representing the Littletons on this claim of $39.96. Essentially, the statutes and rules that control the unauthorized practice of law are designed not primarily to fence in the legal profession from improper competition,

although that certainly is a proper factor to consider, but to assure that the public is not put upon or damaged by inadequate or unethical representation. We see no danger of such damage in the present case. The record intimates that certain businesses regularly sue on accounts, and appear in court without attorney, without an appearance of the proprietor in proper person, but by his wife, who serves as the business' bookkeeper. We do not in this case determine that such an appearance, if on a regular basis, does not constitute the unlawful practice of law. The record does not present that problem for adjudication.

Even if as assumed arguendo that the appearance by Mrs. Littleton constituted the prohibited practice of law, we would not conclude that this voids the judgment.

The defendant's contention was disposed of in *Drugsvold v. Small Claims Court* (1961), 13 Wis. 2d 228, 233, 108 N. W. 2d 648. We therein said:

"Unauthorized practice of the law contemplates the validity of the acts as a fact but done by a person not licensed to perform them. Sec. 256.30 (1) makes unauthorized practice of law a misdemeanor. It does not make the acts void."

It is thus apparent that in the event the trial judge should abuse his discretion in permitting the improper practice of law, the remedy is not the reversal of the judgment in the trial court.

Defendant contends that *Drugsvold* has been superseded by the subsequent enactment of sec. 299.06 (2) (b), Stats., which provides in part: "Any party . . . may appear . . . in his own proper person or by an attorney . . . but not otherwise." We conclude that this statute clearly gives authority to the trial judge in the proper exercise of his discretion to insist on appearance of a party in person or by attorney, but it does not make it mandatory that the judge dismiss the action or hold

against the offending party if the provisions of the statute are violated. The statute just does not provide for the remedy urged by the defendant.

The judgment of the circuit court must be affirmed.

*By the Court.*—Judgment affirmed.