**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**April 23, 2020**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.  2019AP1262**

Cir. Ct. No.  2019SC3739

**STATE OF WISCONSIN**

**IN COURT OF APPEALS**
**DISTRICT IV**

WITT PROPERTIES, LLC,

  PLAINTIFF-RESPONDENT,

 V.

LAURA SCHAEFFER,

  DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Dane County: STEPHEN E. EHLKE, Judge. *Affirmed*.

¶1    GRAHAM, J.[1] Laura Schaeffer appeals a judgment of eviction entered after a bench trial. She claims that the circuit court erred by improperly

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

exercising control over witness testimony during trial, and also by rejecting her retaliatory eviction defense. For the reasons below, I affirm.

## BACKGROUND

¶2      Witt Properties owned a duplex residence in Verona at all times relevant to this appeal. Several years ago,[2] Schaeffer signed a written one-year lease to rent one of its two units. According to its terms, Schaeffer's lease would automatically renew each year unless either party gave notice of nonrenewal at least 45 days prior to the expiration of the lease. The lease was renewed at least twice, and then Witt Properties timely served Schaeffer with a nonrenewal letter dated March 1, 2019. The letter informed Schaeffer that Witt Properties did not intend to renew the lease because it was considering selling the duplex, and that the lease would expire at midnight on April 30, 2019.

¶3      Schaeffer asked Witt Properties to reconsider, and in response, Witt Properties' agent Christina Schwartzlow sent an email offering to enter a new month-to-month agreement with new terms. Between April 11 and April 24, 2019, Schaeffer and Schwartzlow emailed back and forth to discuss a new agreement. Witt Properties ultimately rescinded its offer, and the parties never signed a new lease. Schaeffer's defense to the eviction hinges on inferences that she draws from her email correspondence with Schwartzlow, which I discuss in greater detail below.

---

[2] Schaeffer asserts that a formatting issue in the written lease "render[s] ambiguous any exact determination of the initial lease commencement or termination," and that it is not clear whether May 1, 2016 was the start or end date of Schaeffer's initial year of tenancy. However, Schaeffer does not make any coherent argument explaining how this purported ambiguity is material to the events that took place in 2019, after subsequent renewals.

¶4 The existing lease expired at the end of April, and on May 2, 2019, Witt Properties served Schaeffer with a 28-day notice of termination of tenancy. Schaeffer did not vacate the property, and Witt Properties commenced this small claims eviction action. Additional facts about the ensuing bench trial are set forth below. Ultimately, the circuit court rejected the two defenses Schaeffer had advanced—that the eviction was retaliatory and that the notice terminating her tenancy was improper as a result of an ambiguity in the lease. The court entered judgment in Witt Properties' favor.

## DISCUSSION

¶5 Schaeffer argues that the circuit court erred in two respects. She argues that the court improperly exercised control over the questioning at trial pursuant to WIS. STAT. § 906.11, and also that the court erroneously rejected her retaliatory eviction defense. I consider each argument in turn.

### I. The Circuit Court's Invocation of WIS. STAT. § 906.11

¶6 Schaeffer's first argument centers around the following exchange, which occurred during her cross-examination of Schwartzlow. Schaeffer's attorney asked Schwartzlow to confirm certain terms of the written lease, but the court interjected and prevented the attorney from "having people read things that are on [the lease]" because "[t]he document speaks for itself." The court cited WIS. STAT. § 906.11 as authority to limit the questioning, and then explained that Schaeffer was not foreclosed from arguing "the legal consequences of the document." Schaeffer's attorney did not object to the court cutting off this line of questioning, nor did he ask to be allowed to make an offer of proof.

¶7      A circuit court's evidentiary rulings are reviewed under an erroneous exercise of discretion standard.  *See* ***Martindale v. Ripp***, 2001 WI 113, ¶28, 246 Wis. 2d 67, 629 N.W.2d 698.  I will uphold the court's evidentiary rulings if it "examined the relevant facts, applied a proper legal standard, and, using a demonstrated rational process, reached a reasonable conclusion." ***Id.*** "The burden to demonstrate an erroneous exercise of discretion rests with the appellant." ***Winters v. Winters***, 2005 WI App 94, ¶18, 281 Wis. 2d 798, 699 N.W.2d 229.

¶8      On appeal, Schaeffer argues that the circuit court erred by taking control over the proceedings pursuant to WIS. STAT. § 906.11.  That statute allows judges to "exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence," but Schaeffer argues that it does not apply in eviction actions.  She notes that eviction actions are governed by small claims procedures, *see* WIS. STAT. § 799.01(1)(a), and (with some exceptions) small claims proceedings are not "governed by the common law or statutory rules of evidence," *see* WIS. STAT. § 799.209(2).  Because § 906.11 is a statutory rule of evidence, *see* WIS. STAT. ch. 906 (entitled "Evidence--Witnesses"), Schaeffer contends that the court lacked authority to cut off the cross-examination.

¶9      As Witt Properties points out, Schaeffer failed to object when the circuit court invoked WIS. STAT. § 906.11, and I could decline to address her argument on forfeiture grounds.  *See* ***Schill v. Wisconsin Rapids Sch. Dist.***, 2010 WI 86, ¶45 & n.21, 327 Wis. 2d 572, 786 N.W.2d 177 (issues not raised in the circuit court are forfeited, and appellate courts generally do not address forfeited issues).  Schaeffer does not offer a compelling reason why I should overlook her

failure to object to the circuit court's actions,[3] and application of the forfeiture rule here would advance the policies underlying the rule.[4] But even on its merits, Schaeffer's argument fails for at least two reasons.

¶10 First, Schaeffer's argument depends on the implausible premise that a circuit court has *less* discretion to limit testimony under the small claims rules than under the standard rules that apply in other cases. But this premise is contrary to the nature of small claims proceedings. *See Littleton v. Langlois*, 37 Wis. 2d 360, 363, 155 N.W.2d 150 (1967) ("the objective of the small claims procedure is speedy and inexpensive justice"); *Columbia County v. Bylewski*, 94 Wis. 2d 153, 165, 288 N.W.2d 129 (1980) ("small claims procedure should be as summary as possible"). As would be expected, there is a small claims rule, WIS. STAT. § 799.209, that is analogous to WIS. STAT. § 906.11. Section 799.209 provides that the court "shall conduct [small claims proceedings] informally, allowing each party to present arguments and proofs and to examine witnesses to the extent reasonably required for full and true disclosure of the facts," and that the court "may exclude irrelevant or repetitious evidence or arguments." Although the circuit court may have miscited the source of its authority to limit the questioning, that does not mean it did not have such authority. *See State v. King*, 120 Wis. 2d 285, 292, 354 N.W.2d 742 (Ct. App. 1984) (we can affirm a circuit

---

[3] Schaeffer does not make any argument to overcome forfeiture that is tied to the facts of this case, and instead argues that issues of "homelessness, property loss, and great expense … exist in every Wisconsin county when a judgment for eviction is granted."

[4] Among other things, requiring a party to preserve an issue by raising it in the circuit court "enable[s] the circuit court to avoid or correct any error with minimal disruption of the judicial process, eliminating the need for appeal." *State v. Ndina*, 2009 WI 21, ¶30, 315 Wis. 2d 653, 761 N.W.2d 612. Had Schaeffer objected to the court's invocation of WIS. STAT. § 906.11, the court might have clarified the source of its authority to limit the questioning under the rules that apply to small claims proceedings.

court's exercise of discretion if it "reache[d] the proper result for the wrong reason").

¶11 Second, Schaeffer fails to show that the purported error affected her substantial rights. *See* WIS. STAT. § 805.18(2) ("No judgment shall be reversed or set aside … [unless] it shall appear that the error complained of has affected the substantial rights of the [appealing] party …."); ***Nommensen v. American Continental Ins. Co.***, 2001 WI 112, ¶49, 246 Wis. 2d 132, 629 N.W.2d 301 (the party alleging error has the burden to show its substantial rights have been violated). An error affects the substantial rights of a party when there is a "reasonable possibility" that it "contributed to the outcome of the action or proceeding at issue." ***Id.***, ¶52.

¶12 Here, the circuit court prevented Schaeffer's attorney from reading the lease's terms because "[t]he document speaks for itself."[5] At times, Schaeffer appears to mistakenly read the court's ruling as precluding argument about the legal consequences of ambiguities in the lease. But this is contrary to the record. The court expressly invited argument on this issue, and Schaeffer made such argument in closing, contending that the notice terminating the tenancy was improper based on an ambiguity in the lease. Schaeffer also asserts that the court "mut[ed] her ability to enjoy the full flavor of direct and cross examination of her

---

[5] Schaeffer also asserts that the circuit court improperly took control of the proceedings under WIS. STAT. § 906.11 on two other occasions, but this assertion is contrary to the record. The first occasion was when Witt Properties objected to the relevance of testimony and the court sustained the objection. The second occasion was when the court questioned the relevance of a line of questioning, and Schaeffer's attorney offered to "handle [the issue] in closing." At neither point did the court cite § 906.11. To the extent that Schaeffer intends to challenge these acts as erroneous on other grounds, I do not address her argument because it is undeveloped. *See **State v. Pettit***, 171 Wis. 2d 627, 647, 492 N.W.2d 633 (Ct. App. 1992).

witnesses" and foreclosed inquiry into "the nature of the tenancy." But she does not identify any evidence that she was not allowed to introduce except for a verbatim reading of the terms in the written lease, and she does not explain how such a reading could be anything but repetitious, considering that the lease itself was admitted into evidence. *See* WIS. STAT. § 799.209 (the small claims court may exclude "repetitious evidence"). Because Schaeffer does not explain how excluding testimony that duplicated the written lease contributed to the trial's outcome, she fails to show that any error affected her substantial rights.

## II. Schaeffer's Retaliatory Eviction Defense

¶13    WISCONSIN STAT. § 704.45(1) prohibits certain retaliatory conduct in residential tenancies. A landlord may not "bring an action for possession of the premises [or] refuse to renew a lease" if the landlord's "action or inaction" would not have occurred "but for the landlord's retaliation against the tenant" for, among other things, "[e]xercising a legal right relating to residential tenancies." § 704.45(1)(c); *see also* WIS. ADMIN. CODE § ATCP 134.09(5)(c). Whether a landlord acted with "impermissible purpose" is a question of fact, ***Dickhut v. Norton***, 45 Wis. 2d 389, 399, 173 N.W.2d 297 (1970), and a circuit court's factual finding will be affirmed on appeal unless it is clearly erroneous, ***Royster-Clark, Inc. v. Olsen's Mill, Inc.***, 2006 WI 46, ¶12, 290 Wis. 2d 264, 714 N.W.2d 530. Schaeffer argues that the circuit court erred when it rejected her retaliatory eviction defense because "the only credible inference that can be drawn" from the evidence is that Witt Properties retaliated against her.

¶14    The following facts are material to Schaeffer's retaliatory eviction defense. Witt Properties timely notified Schaeffer that it would not renew her lease upon its expiration at the end of April of 2019, and Schaeffer asked it to

reconsider. On April 11, Schwartzlow emailed Schaeffer that "the best we can offer you right now is a month to month lease contract" with different terms and an increase in monthly rent. Schwartzlow's email also stated: "Please let me know as soon as possible if you're still interested in continuing to rent this dwelling and if you are I will get a new, more comprehensive lease contract prepared for you [] to sign." Between April 11 and April 24, Schwartzlow sent additional emails following up on Witt Properties' offer, and she attempted to schedule an in-person signing. Her emails continued to emphasize that the new agreement be month-to-month because Witt Properties was considering selling the property. On the morning of April 24, Schwartzlow sent an email asking Schaeffer to select a time that she could meet in person and review and sign the new lease or else Witt Properties' offer would be rescinded. Schaeffer responded later that morning: "Please send me a copy of the lease so I can have it reviewed and then I will drop it off signed on Saturday on my way out of town." Schwartzlow replied an hour later, emphasizing that "all parties signing the lease must be present" and declining to send the lease to Schaeffer because she would not "have it finalized until [the] day of signing." Later that afternoon, Schwartzlow emailed Schaeffer again and rescinded Witt Properties' offer to enter into a new lease.

¶15 Schaeffer argues that these facts compel the conclusion that Witt Properties retaliated against her on April 24 for attempting to exercise her legal

right to review a copy of the lease agreement.[6]  Yet the logic of her argument is difficult to follow, in part because it is not internally consistent.  During the proceedings before the circuit court, Schaeffer appeared to argue that Witt Properties refused to "renew" her lease on April 24, and that this refusal to renew was the retaliatory act.  At other points in her briefing on appeal, she appears to contend that the parties had already entered into a new month-to-month lease prior to April 24, and that the retaliatory act was Witt Properties' repudiation of that new lease.  I address both iterations of Schaeffer's argument, starting with the assertion that the parties had already entered a new month-to-month lease as of April 24.

¶16    Schaeffer argues that there was a "meeting of the minds" (and therefore a binding contract) between the parties prior to April 24, but this argument fails for two reasons.  First, Schaeffer did not make this argument during the proceedings before the circuit court.  To be sure, Schaeffer's attorney made passing references to the idea that the parties "agreed to enter into a rental agreement."  But an "agreement to reach an agreement" is not a contract, ***Dunlop***

---

[6] WISCONSIN ADMIN. CODE § ATCP 134.03 provides that "[r]ental agreements and rules and regulations established by the landlord, if in writing, shall be furnished to prospective tenants for their inspection before a rental agreement is entered into …."  Witt Properties argues that § ATCP 134.03 cannot be the basis for a retaliatory eviction because it relates to Schaeffer's status as a prospective tenant, but I do not address this argument because Witt Properties prevails on other grounds.  *See* ***Barrows v. American Family Ins. Co.***, 2014 WI App 11, ¶9, 352 Wis. 2d 436, 842 N.W.2d 508 (2013) ("An appellate court need not address every issue raised by the parties when one issue is dispositive.").

In addition to making an argument about § ATCP 134.03, Schaeffer also references a series of disputes she had with Witt Properties about maintenance and repairs.  But Schaeffer makes no clear argument that Witt Properties retaliated against her as a result of these disputes, and, as noted below, Schaeffer identifies her request to review the lease as the "sole reason" that Witt Properties refused to enter into a new lease.  To the extent that Schaeffer intends to argue that Witt Properties also retaliated against her as a result of these disputes, I do not address this undeveloped argument.  *See* ***Pettit***, 171 Wis. 2d at 647.

***v. Laitsch***, 16 Wis. 2d 36, 42, 113 N.W.2d 551(1962),[7] and Schaeffer never asserted that the parties actually entered into a binding lease. Schaeffer makes this argument for the first time on appeal, and therefore she forfeited the argument. *See **Schill***, 327 Wis. 2d 572, ¶45 & n.21. Second, even on appeal, Schaeffer does not develop the argument by citing to legal standards that govern contract formation, nor does she apply those standards to the evidence introduced at trial.[8] *See **State v. Pettit***, 171 Wis. 2d 627, 647, 492 N.W.2d 633 (Ct. App. 1992). For these reasons, I decline to further consider Schaeffer's assertion that the parties entered into a new lease, and I turn to the balance of her retaliation argument.

¶17 To the extent that Schaeffer advances the argument that she relied on in the circuit court, that argument also fails. As a threshold matter, any argument that Witt Properties retaliated by refusing to renew the lease is founded on the mistaken premise that the refusal to renew occurred on April 24. The evidence actually shows that Witt Properties declined to renew Schaeffer's lease more than

---

[7] *See also* WIS. STAT. § 704.01(3m) ("'Rental agreement'" does not include an agreement to enter into a rental agreement in the future.").

[8] On appeal, Schaeffer points to her April 24 email, which requested a copy of the lease "so I can have it reviewed" and said she would "drop it off signed" on her way out of town. According to Schaeffer, this email "affirmed her acceptance of the Witt Properties LLC offer for a new lease term." But Schaeffer cites no authority to support the dubious proposition that her request to review the proposed written agreement constitutes an acceptance of terms in that proposal that she had not even reviewed. She also fails to address the legal requirement that the parties' representations show a definite agreement on the "essential term[s]" of a contract. ***Headstart Bldg., LLC v. National Centers for Learning Excellence, Inc.***, 2017 WI App 81, ¶16, 379 Wis. 2d 346, 905 N.W.2d. 147. Nor does Schaeffer grapple with her own trial testimony, which appears to undermine any argument that she accepted the terms proposed by Witt Properties or that there was any definite agreement on essential terms. When asked at trial about her response to Witt Properties' offer, Schaeffer testified that she "wanted to renew on a yearly basis, a yearly renewal again" because "I don't want to have to move within a month …." She further testified that she "really didn't want to" agree to an increase in rent, but that she "*was willing to do it on a yearly basis* if, you know, need be." (Emphasis added.)

seven weeks earlier, when it sent a nonrenewal notice at the beginning of March. After Schaeffer asked Witt Properties to reconsider, it did not offer to renew the prior lease on the same terms. Instead, the parties discussed entering a *new* rental agreement on a month-to-month basis.

¶18 This distinction is important for two reasons. First, the act that allegedly sparked retaliation (Schaeffer's request to review her lease on April 24) could not have contributed to Witt Properties' refusal to renew Schaeffer's lease—the nonrenewal had already occurred by that time. Second, to the extent Schaeffer intends to argue that Witt Properties retaliated against her by rescinding its offer to enter a *new* lease on April 24, it is not clear that this act falls within the scope of WIS. STAT. § 704.45. That statute prohibits landlords from "refusing to renew a lease" for retaliatory reasons, but does not on its face restrict the reasons why landlords may refuse to enter a new lease. § 704.45(1). Schaeffer offers no reason why I should read § 704.45 to do so.

¶19 In any event, I do not decide whether WIS. STAT. § 704.45 could ever apply to a landlord's refusal to enter a new lease because even if so, Schaeffer's argument would still fail on the merits. Here, the circuit court determined that the reason Witt Properties declined to renew Schaeffer's lease was because it "ultimately [was] going to sell" the property, not because it wanted to retaliate against Schaeffer for exercising her rights to review the draft lease. Accordingly, the court found that Witt Properties did not act with a retaliatory purpose, and Schaeffer does not show that this finding is clearly erroneous.

¶20 The circuit court's finding is supported by record evidence. The court relied on Schwartzlow's testimony that Witt Properties intended to sell the property and on evidence that Witt Properties also declined to renew the lease of

the tenants in the other unit of the duplex. This evidence supports the court's finding that Witt Properties did not act with a retaliatory purpose, as does other evidence that the court did not explicitly reference when it rendered its decision. For instance, the parties' emails show that Witt Properties informed Schaeffer on multiple occasions that it would require an in-person meeting to go over the terms of a new month-to-month lease. Then on the morning of April 24, Schwartzlow again told Schaeffer that she must make time for an in-person meeting or the offer would be rescinded. In response, Schaeffer ignored this demand and instead responded that she would "drop [] off" the signed lease "on [her] way out of town." When considered in this context, the emails raise the inference that Witt Properties was following through with what it said it would do, that is, to rescind its offer if Schaeffer was unable or unwilling to attend an in-person meeting.

¶21 Schaeffer draws a different inference from this exchange. She argues that the "only thing that changed" on April 24 was her request to review the lease, and therefore her request must have been "the sole reason" that Witt Properties rescinded its offer. But the evidence does not compel the inference Schaeffer wants me to make. *Royster-Clark,* 290 Wis. 2d 264, ¶12 (a circuit court's findings of fact will be affirmed "as long as the evidence would permit a reasonable person to make the same finding," even though the evidence would also "permit a contrary finding"). It is not obvious that Schaeffer's request to review the lease contributed to Witt Properties' decision to rescind its offer, especially since Witt Properties had already agreed to provide it for review at the signing meeting. And, as explained above, another thing that occurred on April 24 was Schaeffer's refusal to agree to an in-person meeting. Accordingly, Schaeffer does not show that the circuit court's finding was against the "great weight and clear preponderance of the evidence." *See id.*

## CONCLUSION

¶22     For the reasons stated above, I affirm the circuit court.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.