COURT OF APPEALS
DECISION
DATED AND FILED

June 16, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2025AP850**

Cir. Ct. No. 2022CV322

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT III**

---

SPECWORKS, INC.,

PLAINTIFF-APPELLANT,

V.

KING EMBROIDERY & APPAREL, LLC AND CHERYL SCHMIDT,

DEFENDANTS-RESPONDENTS.

---

APPEAL from a judgment and an order of the circuit court for Eau Claire County: DOUGLAS JAMES HOFFER, Judge. *Affirmed*.

Before Stark, P.J., Hruz, and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM.   Specworks, Inc., appeals from a default judgment entered in favor of King Embroidery & Apparel, LLC, and Cheryl Schmidt

(collectively, "King"). Specworks argues that the circuit court erred by permitting its attorney to withdraw approximately one month prior to trial, which resulted in the entry of the default judgment. Specworks also appeals from an order denying its motion for relief from the default judgment under WIS. STAT. § 806.07(1)(h) (2023-24).[1] For the reasons that follow, we reject Specworks' arguments and affirm.

## BACKGROUND

¶2 In June 2022, Specworks, represented by Attorney Timothy Proue, filed a summons and complaint against King, asserting claims for unjust enrichment and civil theft. In essence, Specworks asserted that it had overpaid King for embroidery services by $28,425.97 and that King had refused to return certain items owned by Specworks. King filed an answer to Specworks' complaint in July 2022, along with counterclaims for breach of contract, quantum meruit, unjust enrichment, and "[a]ccount [s]tated." King asserted that Specworks had actually underpaid King by $131,483.40.

¶3 On November 14, 2022, King served Specworks with written discovery requests, including interrogatories, requests for admission, and requests for production of documents. On December 20, 2022, Specworks provided written responses to the requests for admission but sought an extension of the time to provide its responses to the interrogatories and requests for production. King's attorney agreed to an extension until "the end of the year."

---

[1] All references to the Wisconsin Statutes are to the 2023-24 version.

¶4 Specworks did not provide its remaining discovery responses by the end of 2022. Following a scheduling conference on February 8, 2023, Specworks agreed to fully respond to the outstanding discovery requests by February 10, 2023; however, Specworks failed to meet that deadline. Thereafter, King's attorney emailed Specworks' counsel multiple times about the overdue discovery responses and ultimately filed a motion to compel discovery on March 23, 2023. Specworks then provided its responses to King's interrogatories and requests for production on March 29, 2023. According to King, however, those responses were "incomplete in multiple respects, including that no documents were produced with the response[s]."

¶5 On April 21, 2023, five days before the scheduled hearing on King's motion to compel discovery, Attorney Proue moved to withdraw from representing Specworks. Attorney Catherine La Fleur entered a notice of appearance on behalf of Specworks on April 25, 2023, and immediately requested an adjournment of the hearing on the motion to compel, which was scheduled for the next day. On April 26, 2023, Attorney Jane Carrig—another attorney from the La Fleur Law Office—entered a notice of appearance on behalf of Specworks.

¶6 The circuit court granted Specworks' request to adjourn the hearing on the motion to compel and instead held a status conference on April 26, 2023. Following the status conference, the court granted Attorney Proue's motion to withdraw, entered a new scheduling order, and rescheduled the hearing on King's motion to compel discovery to June 20, 2023. King asserts that Specworks did not substantially comply with its discovery obligations until July 13, 2023—eight months after Specworks' original deadline to provide its discovery responses—following "extensive efforts" by King "to obtain the discovery to which [it was] legally entitled."

¶7 On August 24, 2023, Attorney Carrig moved to withdraw from representing Specworks, citing "a breakdown in communication and differing legal strategies." On September 11, 2023, Attorney Nicholas Wanic—another attorney from the La Fleur Law Office—filed a notice of appearance on behalf of Specworks. On September 26, 2023, Attorney La Fleur informed the circuit court that Attorney Carrig was no longer employed by her firm and asked that Attorney Carrig be removed from the case. About one month later, on October 27, 2023, Attorney La Fleur informed the court that Attorney Wanic was no longer employed by her firm and asked that he too be removed from the case.

¶8 On November 9, 2023, the circuit court held a scheduling conference, at which Attorney La Fleur appeared on behalf of Specworks. Following the scheduling conference, the court entered a new scheduling order that set trial dates of May 1 and 2, 2024. On December 29, 2023, however, Attorney La Fleur moved to withdraw from representing Specworks. As grounds for the motion, Attorney La Fleur stated, "There has been a breakdown in communication and our fee agreement has not been honored." The court entered an order granting Attorney La Fleur's motion to withdraw on January 4, 2024.

¶9 The circuit court held a status conference on February 12, 2024, at which Specworks failed to appear. The court then wrote to the parties, informing them that another status conference had been set for February 28, 2024, that the court "expected that there will be an appearance by [Specworks] at that time," and that "[f]ailure to appear may result in sanctions including a default judgment." Specworks did not appear at the February 28 hearing, and King filed a motion for default judgment the following day.

¶10   On March 6, 2024, Corina Peacock, the "[p]rincipal" and CEO of Specworks, wrote to the circuit court asserting that she "did not receive notice of the hearing until March 5, 2024," that Attorney La Fleur had withdrawn without notifying her, and that she was "in the process of finding replacement [counsel]." The court then set a status conference for April 15, 2024.  On March 25, 2024, Attorney Matthew Cornetta of Ruder Ware, L.L.S.C., entered a notice of appearance on behalf of Specworks.

¶11   During the April 15, 2024 status conference, King's attorney informed the circuit court that King was not seeking a ruling on its motion for default judgment but was prepared to proceed to trial as scheduled on May 1, 2024.  Conversely, Attorney Cornetta asked that the trial be removed from the court's calendar "to allow familiarization with the case."  The court granted Attorney Cornetta's request to adjourn the scheduled trial.  The court also ordered Specworks to pay King $1,650 as a sanction for Specworks' previous discovery violations, and the court reserved the right to order additional sanctions against Specworks based on the need to reschedule the trial.

¶12   Following a scheduling conference on June 7, 2024, at which both Attorney Cornetta and Peacock were present, the circuit court entered a new scheduling order, which set trial dates of January 9 and 10, 2025.  On November 11, 2024, however, Specworks again moved to adjourn the scheduled trial.  As the basis for the adjournment, Specworks asserted that Peacock could not attend the scheduled trial because she had just learned that Specworks' senior account manager would be unable to attend "an important industry trade show" taking place in Germany on the trial dates, and Peacock needed to attend the trade show in that individual's absence.  King objected to the requested adjournment on

multiple grounds, including that "[t]his case has already been adjourned/delayed multiple times and always at the request of" Specworks.

¶13 The circuit court held a hearing on Specworks' motion to adjourn the trial on November 15, 2024. Citing the repeated delays in the case caused by Specworks, the court determined that it would be "terribly unfair to [King] to delay this any more." The court opined that "there was something bordering on gross incompetence in the way this case was handled" by Specworks and its prior attorneys, and "to the extent somebody should suffer for that," it should be Specworks, rather than King. The court therefore denied Specworks' request to adjourn the scheduled trial.

¶14 Approximately three weeks later, on December 5, 2024, Attorney Cornetta moved to withdraw as counsel for Specworks. The stated grounds for the motion were as follows:

> 1. This Motion is filed because of the existence of circumstances which authorize withdrawal pursuant to Wisconsin Supreme Court Rule 20:1.16(b).
>
> 2. The moving party believes that the duty of confidentiality prohibits the disclosure of further information.
>
> 3. Specworks, Inc. has been informed of the conditions of continuing representation and has agreed to the withdrawal of Ruder Ware, L.L.S.C. as its attorney of record, effective on the date of the final pretrial hearing, December 10, 2024.
>
> 4. This Motion has been provided to Plaintiff, Spec[w]orks, Inc. prior to filing.

¶15 The circuit court addressed Attorney Cornetta's motion to withdraw during the final pretrial hearing on December 10, 2024. At the beginning of the hearing, Attorney Cornetta informed the court,

6

[T]his is a little bit unorthodox. I don't think I've ever been in this position before where I have a motion to withdraw and I'm also at a pretrial at the same time. My client wanted me to be here with her because she didn't know the lay of the land. She has come here in person from Maryland and we have prepared our pretrial submissions and the Court has all of those. And it was understood between my client and me that my representation would go to that point and then end.

¶16 The circuit court responded that it understood Attorney Cornetta's "duty of confidentiality," that it was familiar with the Wisconsin Supreme Court Rule that Attorney Cornetta had cited, and that it would not ask any questions or require Attorney Cornetta to make any statements that would conflict with his duty of confidentiality. Attorney Cornetta then replied that he could "represent to the Court that the requisite reasons exist under that Supreme Court rule for an attorney to withdraw." He further stated that he had spoken "at length with [Peacock] about this," and although she understood that it is "much nicer to go to trial when you're represented by counsel," she felt that she was "capable of handling herself when that trial comes in January."

¶17 The circuit court then stated:

Well, as a preliminary matter, there's one point I feel I need to make clear before I address your … motion to withdraw. And that is[,] … whether I grant your motion or not, the trial is not moving from the calendar. This … matter has gone on far too long. And the extent of courtesies that have been extended to your client are extensive. … [W]e're at a point where there are no more courtesies … that are going to be extended. This has gone on way too long. And so regardless of what I do with your motion, the trial is not getting—is not going to be moved.

¶18 At that point, King's attorney stated that he had no comment on Attorney Cornetta's motion to withdraw, and he agreed with the circuit court that

the trial should not be rescheduled. King's counsel also stated, however, that Specworks

> is a corporation. And under the law of Wisconsin—and I'd be happy to provide this law to the Court if need be—but under the law in Wisconsin, a corporation must appear in a large claim lawsuit represented by counsel. Ms. Peacock is not an attorney, that I'm aware of; at least, certainly not an attorney that is licensed to practice in Wisconsin. So I don't see how she is going to represent the plaintiff corporation at trial which is scheduled for next month. I think she needs to find alternative representation, but I have nothing else to add with regard to the motion.

¶19 The circuit court then stated:

> Okay. I've had an opportunity to review the motion. And, again, I think it would be improper for … the Court to try to gain any additional information related to it without running afoul of Attorney Cornetta's duty of confidentiality. So I am granting your motion to withdraw as counsel, Attorney Cornetta. The trial is going to proceed on [January 9].

¶20 The circuit court then asked King's attorney to provide "a short letter or brief" in support of his assertion "that LLCs are not permitted to appear except by attorney in large claim lawsuits such as this." At that point, Attorney Cornetta disputed the proposition that Specworks could not represent itself at trial, asserting that "[t]here is a provision in the statute for a nominal fine … for a representative of a corporation representing themselves," but "[s]ubstantively, … the merits of the case can be reached." King's attorney disagreed, stating that it is "abundantly clear that, when it comes to a corporate entity in a large claim case, they must appear … by counsel; and if they don't, then the default judgment on the day of trial is necessary."

¶21 The circuit court then addressed Peacock directly, stating:

8

> [King's attorney] has put you on notice that he intends to argue if you do not have an attorney for the January 9th court date that he's going to move for a default judgment and is going to provide legal authority for why he thinks that's appropriate. If you decide to appear on January 9th without an attorney, you are doing so, you know, at your own risk. And recognize that it is a possibility that … a default judgment may be entered. Do you understand that, Ms. Peacock?

Peacock responded, "I understand."

¶22   Later that day, King's attorney filed a letter citing legal authority in support of the proposition that Peacock, a nonattorney, could not appear on behalf of Specworks at trial. *See, e.g.*, ***Jadair Inc. v. U.S. Fire Ins.***, 209 Wis. 2d 187, 202, 562 N.W.2d 401 (1997). Counsel therefore asserted that, "[i]n the event no attorney appears at trial for Specworks on January 9, 2025, [Specworks] will be in default," and "default judgment pursuant to WIS. STAT. § 806.02(5) will be appropriate."

¶23   On January 2, 2025—one week before the scheduled trial—Peacock filed a letter with the circuit court asking that she be allowed to represent Specworks at trial. The court denied that request by letter on January 8, 2025.

¶24   On January 9, 2025, King appeared for trial through counsel. Peacock was present in court, but Specworks did not appear through counsel. King then moved for a default judgment, pursuant to WIS. STAT. § 806.02(5). The circuit court granted that motion and, as a sanction, also awarded King $7,750 in attorney fees for "preparation time for today's trial along with the other bad faith and delay and dilatory tactics … that have undergone in this case." The court subsequently entered a judgment against Specworks in the amount of $172,145.95.

¶25    Specworks then retained new attorneys, who filed a motion for relief from the default judgment under WIS. STAT. § 806.07(1)(h).  As relevant to this appeal, Specworks argued that: (1) the circuit court should not have allowed Attorney Cornetta to withdraw shortly before trial without any procedural protections for Specworks; and (2) extraordinary circumstances justified relief from the default judgment.  Following a nonevidentiary hearing, the court denied Specworks' motion for relief from the default judgment in an oral ruling, which was later memorialized in a written order.  Specworks now appeals.

**DISCUSSION**

**I. Attorney Cornetta's motion to withdraw**

¶26    On appeal, Specworks first argues that the circuit court erred by granting Attorney Cornetta's motion to withdraw.  We review a circuit court's decision to allow an attorney to withdraw for an erroneous exercise of discretion. *See **Johnson v. Johnson***, 199 Wis. 2d 367, 372-74, 545 N.W.2d 239 (Ct. App. 1996).  A court properly exercises its discretion when it examines the relevant facts, applies a proper standard of law, and uses a demonstrated rational process to reach a reasonable conclusion.  ***LeMere v. LeMere***, 2003 WI 67, ¶13, 262 Wis. 2d 426, 663 N.W.2d 789.  "Although the proper exercise of discretion contemplates that the circuit court explain its reasoning, when the court does not do so, we may search the record to determine if it supports the court's discretionary decision." ***Randall v. Randall***, 2000 WI App 98, ¶7, 235 Wis. 2d 1, 612 N.W.2d 737.

¶27    Specworks contends that the circuit court erroneously exercised its discretion by granting Attorney Cornetta's motion to withdraw because Attorney Cornetta provided no valid basis for withdrawal.  "The circumstances under which an attorney may withdraw from representing a client are defined in SCR 20:1.16."

*Gustafson v. Physicians Ins. of Wis.*, 223 Wis. 2d 164, 176, 588 N.W.2d 363 (Ct. App. 1998). Under SCR 20:1.16(b), an attorney may withdraw from representing a client if:

> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;
>
> (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
>
> (3) the client has used the lawyer's services to perpetrate a crime or fraud;
>
> (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;
>
> (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>
> (7) other good cause for withdrawal exists.

¶28 Specworks emphasizes that Attorney Cornetta's motion to withdraw cited SCR 20:1.16(b) generally but did not identify any specific paragraph of that rule as the basis for the motion. Instead, Attorney Cornetta asserted that "the duty of confidentiality prohibit[ed] the disclosure of further information" regarding the reasons for his request to withdraw. In granting the motion to withdraw, the circuit court accepted Attorney Cornetta's assertion that his duty of confidentiality prevented him from providing more information about the grounds for the motion. Specworks argues, however, that the court erred in that regard because SCR 20:1.6 would have allowed Attorney Cornetta to disclose that information.

11

¶29 We need not address Specworks' argument regarding Attorney Cornetta's duty of confidentiality or the need for the circuit court's inquiry in that regard because we conclude that, based on the information available to it, the court could reasonably conclude that a valid basis for withdrawal existed. Under SCR 20:1.16(b)(7), an attorney may withdraw when "other good cause for withdrawal exists." In his motion to withdraw, Attorney Cornetta asserted that Specworks "has been informed of the conditions of continuing representation and has agreed to the withdrawal of Ruder Ware, L.L.S.C. as its attorney of record, effective on the date of the final pretrial hearing, December 10, 2024." At the subsequent hearing on the motion to withdraw, Attorney Cornetta informed the court that "it was understood between my client and me that my representation would go to that point"—i.e., the final pretrial hearing—"and then end." Peacock was present at the hearing and did not dispute Attorney Cornetta's statement that Specworks had agreed to the termination of his representation following the final pretrial hearing. Under these circumstances, the court could reasonably conclude that "other good cause for withdrawal exist[ed]" under SCR 20:1.16(b)(7)— namely, Specworks' agreement that Attorney Cornetta's representation would end after the final pretrial hearing.

¶30 Specworks also argues that even if a valid basis for withdrawal existed under SCR 20:1.16, the circuit court erred by permitting Attorney Cornetta to withdraw "without ensuring procedural protections" for Specworks. (Formatting altered.) In support of this claim, Specworks contends that at the time the court granted Attorney Cornetta's motion to withdraw, it was clear that: (1) the court was unwilling to move the trial date, which was just under one month away; and (2) the court was not sure whether Peacock would be permitted to represent Specworks at trial. Specworks asserts that, under these circumstances, the court

"was left with the following options: (1) defer ruling on the withdrawal motion until (a) the Court determined whether Ms. Peacock could represent Spec[w]orks at trial; or (b) Spec[w]orks obtained replacement counsel; or (2) deny the withdrawal motion."

¶31    "The general rule is that although a lawyer has justifiable cause for withdrawing from a case, the attorney is not entitled to withdraw until the client has been given 'reasonable notice and opportunity to obtain substitute counsel.'"[2] *Johnson*, 199 Wis. 2d at 372 (citation omitted).  Attorney Cornetta filed his motion to withdraw on December 5, 2024, just over one month before the scheduled trial.  The circuit court granted the motion on December 10, 2024, which was 30 days before trial.

¶32    For comparison, in *Johnson*, this court affirmed the circuit court's exercise of discretion in granting an attorney's motion to withdraw where the client received notice of the attorney's desire to withdraw approximately two months before trial and the circuit court granted the motion to withdraw only six days before trial.  *See id.* at 372-74.  Additionally, unlike the client in *Johnson*, who told the court that he did not want his attorney to withdraw, *see id.* at 373, Specworks raised no objection to Attorney Cornetta's withdrawal either before or during the December 10, 2024 hearing.  Specworks did not dispute Attorney Cornetta's representation that Specworks had agreed that Attorney Cornetta's representation would end after the December 10 hearing.  Nor did Specworks inform the court that it had concerns about its ability to obtain substitute counsel.

---

[2] To the extent Specworks argues that additional procedural protections were required, we reject that contention, as the legal authorities that Specworks cites do not support it.

Moreover, Peacock confirmed her understanding that she might not be able to represent Specworks at trial and that, if Specworks appeared without an attorney, a default judgment could be entered against it.

¶33 On this record, the circuit court could reasonably conclude that Specworks had both reasonable notice of Attorney Cornetta's desire to withdraw and an opportunity to obtain substitute counsel. We therefore reject Specworks' argument that the court erroneously exercised its discretion by granting Attorney Cornetta's motion to withdraw.

## II. Specworks' motion for relief from judgment

¶34 Specworks next argues that the circuit court erred by denying its motion for relief from the default judgment under WIS. STAT. § 806.07(1)(h). We review a court's decision on whether to grant relief from judgment under § 806.07(1)(h) for an erroneous exercise of discretion. *Miller v. Hanover Ins.*, 2010 WI 75, ¶29, 326 Wis. 2d 640, 785 N.W.2d 493.

¶35 WISCONSIN STAT. § 806.07(1) "lists conditions under which a circuit court may exercise its discretion and open a default judgment." *Miller*, 326 Wis. 2d 640, ¶31 (citation omitted). Paragraphs (1)(a)-(g) of the statute "describe specific circumstances for which relief may be granted," while paragraph (1)(h) is a catch-all provision that allows a court to grant relief from a judgment for "any other reasons justifying relief." *Miller*, 326 Wis. 2d 640, ¶32 (citation omitted). "A court appropriately grants relief from a default judgment under para. (1)(h) when extraordinary circumstances are present justifying relief in the interest of justice." *Id.*, ¶35. Factors that a court should consider when determining whether such extraordinary circumstances are present include, but are not limited to:

14

whether the judgment was the result of the conscientious, deliberate and well-informed choice of the claimant; whether the claimant received the effective assistance of counsel; whether relief is sought from a judgment in which there has been no judicial consideration of the merits and the interest of deciding the particular case on the merits outweighs the finality of judgments; whether there is a meritorious defense to the claim; and whether there are intervening circumstances making it inequitable to grant relief.

*Id.*, ¶36 (citation omitted).

¶36 A review of these factors shows that the circuit court did not erroneously exercise its discretion by denying Specworks' motion for relief from the default judgment. First, the court reasonably found that the default judgment was the result of a conscientious, deliberate, and well-informed choice by Specworks. *See id.* As the court correctly noted, Specworks was "put on notice" during the December 10, 2024 hearing that if it did not retain counsel to represent it at the scheduled trial, "a default judgment may be imposed by the Court."

¶37 That notice was first provided by King's counsel, who argued during the December 10, 2024 hearing that it was "abundantly clear" that Specworks was required to appear by counsel at trial and that, if it did not, "default judgment on the day of trial is necessary." Shortly thereafter, the circuit court reiterated that Specworks was "on notice" of King's position that Specworks was required to appear by counsel at trial and that there was "a possibility" that a default judgment would be entered if Specworks appeared without counsel, and Peacock confirmed that she understood. Later that day, King's attorney filed a letter brief citing legal authority in support of the proposition that Peacock was not permitted to represent Specworks at trial and that, if Specworks appeared at trial without counsel, a default judgment would be appropriate. On this record, the court could reasonably find that Specworks had notice of the possibility that a default judgment would be

entered if it appeared at trial without counsel and that its subsequent decision to appear without counsel was the result of a conscientious, deliberate, and well-informed choice. *See id.*

¶38    In arguing to the contrary, Specworks asserts that Attorney Cornetta repeatedly told Peacock that she would be able to represent Specworks at trial, even after the December 10, 2024 hearing. Specworks also asserts that it was not "conclusively informed" by the circuit court that Peacock could not represent it until the day before trial. Be that as it may, the record clearly shows that Specworks was on notice as early as December 10, 2024, of the possibility that a default judgment could be entered if it appeared at trial without counsel. In fact, Peacock acknowledged as much during the December 10 hearing. As the circuit court correctly noted, under these circumstances, "no one can reasonably say that [Specworks] was blindsided by" the court's decision to enter a default judgment after Specworks appeared at trial without counsel.

¶39    The circuit court also reasonably found that Specworks' appearance at trial without counsel was the result of a "business decision" or "calculated risk." In her declaration submitted in support of Specworks' motion for relief from the default judgment, Peacock asserted that Attorney Cornetta refused to represent Specworks at trial without a "$24,000 advance fee payment." Peacock confirmed in her declaration that Specworks "had the ability to pay for Attorney Cornetta to represent [it] at trial," but Peacock instead accepted Attorney Cornetta's "recommendation" that Peacock represent Specworks, "since it did not make good business sense" to pay $24,000 in attorney fees. These facts further support the court's determination that Specworks made a conscientious and deliberate choice, for business reasons, to appear at trial without counsel.

¶40    The circuit court also found that Specworks had failed to show that it did not receive the effective assistance of counsel.  *See id.*  Specworks contends that the court erred in that regard because Peacock's declaration showed that Attorney Cornetta repeatedly told her that she could appear at trial on behalf of Specworks.   While the court acknowledged the allegations in Peacock's declaration, it also noted that it did not have an affidavit from Attorney Cornetta regarding the advice that he may or may not have given Peacock on this subject. Moreover, the court reasoned that even if the allegations in Peacock's declaration were true, without an affidavit from Attorney Cornetta, it was unclear whether "those communications include[d] any additional context that the … Court would want to weigh in making its determination" regarding the effectiveness of Attorney Cornetta's representation.  We agree with King that the court was "well within the confines of [its] discretionary capacity" when it concluded the evidence was insufficient to show that Attorney Cornetta provided ineffective assistance to Specworks.

¶41    Turning to the next two factors, Specworks asserts that the circuit court failed to acknowledge that the default judgment was entered without a consideration of the merits and that Specworks had "meritorious defenses to King's counterclaims and meritorious claims of its own."  *See id.*  The court implicitly recognized, however, that Specworks' own actions were the reason that its claims and defenses were not considered on the merits at trial.

¶42    In its oral ruling, the circuit court cited the "the long history of bad faith litigation and delay tactics by" Specworks.  In particular, the court noted that Specworks had been represented by multiple attorneys throughout the case; that there was "a history of non-appearances" and "a history of discovery delay and lack of cooperation" by Specworks; and that the scheduled trial had already been

delayed once as a result of Specworks' conduct. In light of Specworks' conduct, the court emphasized that King was "entitled to have [its] day in court." Moreover, it was Specworks that chose to proceed to trial without counsel—despite having the funds to pay Attorney Cornetta—after it was informed of the possibility that a default judgment would be entered against it. On this record, the court could reasonably determine that the interest in deciding this case on the merits did not outweigh the competing interest in the finality of judgments, regardless of any meritorious claims or defenses that Specworks may have had. *See id.*

¶43     Finally, the circuit court expressly found that "the circumstances and the context of this case would make it highly inequitable to grant relief" from the default judgment. *See id.* The court explained that Specworks

> had five separate attorneys in this case. At a certain point, they are the ones responsible for what their attorneys do. And when you go through five attorneys and you have as many matters delayed and … you've had the benefit of the doubt as [often as Specworks] has in this case, there is a point where the Court is not required to provide one more delay.

The court also emphasized that it was required "to balance … not only what's in [Specworks'] interests, but ensuring that [King] has their fair day in court," and "[a]t some point, enough is enough."

¶44     In addition, the circuit court cited the attorney fees that King had been required to pay its counsel throughout this lawsuit as a result of Specworks' conduct. The court further explained:

> I'd note if this were the first time the trial was set, if there was no history of delay and other bad faith tactics employed by [Specworks] in this case, I think the argument [for relief from the default judgment] might be more persuasive. But at a certain point, [King] is entitled to have

18

their case heard, as well. They … have the right to … have the matters handled in a just and efficient and effective way.

¶45 On the whole, the circuit court's oral ruling denying Specworks' motion for relief from the default judgment shows that the court applied the correct legal standard to the facts of record and used a demonstrated rational process to reach a reasonable conclusion. *See **LeMere***, 262 Wis. 2d 426, ¶13. Accordingly, we will not disturb the court's exercise of discretion on appeal.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.